```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ECONOPHONE HELLAS S.A., INC., et al., | CIVIL ACTION NO. 04-3614 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| QUINTUM TECHNOLOGIES, INC., | |
| Defendant. | |

**COOPER, District Judge**

Defendant, Quintum Technologies, Inc. ("Quintum") moves pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) for summary judgment as to the claims asserted against it for breach of warranty, fraud, and unjust enrichment. (Dkt. entry no. 21.) The Court, for the reasons stated herein, will grant the motion.

**BACKGROUND**

Plaintiff Econophone Hellas S.A., Inc. ("Econophone") is a New York corporation whose subsidiary, Econophone Hellas S.A., sells telephone service in Greece. (Compl., at 1-2.) Econophone contracted with Quintum to purchase telecommunications equipment in September 2001. (Id. at 1.) The equipment was to be paid for in three installments. One-third of the purchase price was due (1) before the shipment, (2) within thirty days of the shipment, and (3) within sixty days of the shipment. (Quintum Ex. A, Price Quotation.) The equipment was delivered on September 28, 2001 after Econophone made the first payment. (Id.) Econophone,

however, did not pay the remaining two installments of the purchase price because the equipment was not operating properly. (Id. at 2.)

Quintum brought an action against Econophone in the New York Supreme Court ("the state action") on September 6, 2002 to collect the money it was owed. (Def. Br., at 2.) Econophone neither answered the complaint nor defended the action. (10-28-02 N.Y. Supreme Court J. Quintum Technologies, Inc. v. Econophone Hellas S.A., Inc., No. 35526/02.) The New York Supreme Court entered a judgment of default in favor of Quintum on October 28, 2002, and awarded Quintum the amount owed for the equipment, interest, and court fees. (Id.) The judgment was recorded in New Jersey, and served on Econophone. (Def. Br., at 3.) It has yet to be paid. (Id.)

Econophone brought the present action against Quintum on July 30, 2004, asserting claims for breach of warranty, fraud, and unjust enrichment. (Dkt. entry no. 1.) Jurisdiction is based on 28 U.S.C. § 1332. The Court, on July 27, 2005, directed Quintum to move for summary judgment based on the defenses of res judicata, collateral estoppel, and the entire controversy doctrine that it had asserted in the answer to the complaint. (Dkt. entry no. 19.)

## DISCUSSION

Quintum argues it is entitled to summary judgment because the judgment in the state action bars this federal action based

2

on the doctrines of res judicata and collateral estoppel. (Def. Br., at 5.) Econophone argues that res judicata and collateral estoppel are not applicable because (1) the state action and the federal action concern two separate contracts, and (2) the state action was not final because it resulted in a default judgment. (Pl. Br., at 5-6.)

**I. Standard for Summary Judgment**

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the summary judgment movant has met this prima facie burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A nonmovant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the nonmovant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986). At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original). A fact is material only if it might affect the action's outcome under governing law. Id. at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

## II. Preclusion Standard

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Walker v. Horn, 385 F.3d 321, 337 (3d Cir. 2004) (applying Pennsylvania law to determine preclusive effect of earlier Pennsylvania state court judgment) cert. denied, 125 S. Ct.1981 (2005); see Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 135 (3d Cir. 1999) (applying federal preclusion law to prior judgment reached

4

in another district court); <u>Total Packaging Corp. v. Tenneco Packaging Corp.</u>, No. 01-4286, 2004 WL 758240, at *2 (D.N.J. 2004) (Cooper, J.) (applying New Jersey's Entire Controversy Doctrine to determine preclusive effect of New Jersey state court judgment).

The prior judgment that Quintum argues should be given preclusive effect was rendered in New York state court.  This Court, therefore, must apply New York preclusion law to determine whether the present action is barred.  New York employs a transactional approach to res judicata.  "Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."  <u>Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan</u>, 263 F.3d 196, 200 (2d Cir. 2001); <u>O'Brien v. City of Syracuse</u>, 429 N.E.2d 1158, 1159 (N.Y. 1981).  A single cause of action may encompass several different claims that are based on the same facts but (1) rely on different theories of legal recovery, or (2) seek different legal relief.  <u>Smith v. Russell Sage Coll.</u>, 429 N.E.2d 746, 749 (N.Y. 1981); <u>Reilly v. Reid</u>, 379 N.E.2d 172, 175 (N.Y. 1978).  To determine what "factual grouping" constitutes a "transaction" a court should consider how "the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether *** their treatment as a unit conforms to the parties' expectations or business understanding or usage."

Tonken v. Loving & Weintraub, 22 F.Supp.2d 86, 90 (S.D.N.Y. 1998) (asterisks in original); Smith, 429 N.E.2d at 749.

A prior judgment is "conclusive as to matters that were or might have been litigated when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." Reid, 379 N.E.2d at 175; see also Tonken, 22 F.Supp.2d at 90. "Where a party fails to raise a defense that could properly have been asserted in one action, res judicata will bar the party from raising that issue in a subsequent action." Tonken, 22 F.Supp.2d at 90. The doctrine also applies to "an order or judgment taken by default which has not been vacated." Yoon, 263 F.3d at 200; see also Tantillo v. Giglio, 549 N.Y.S.2d 432, 433 (App. Div. 2d Dept. 1989).

**III. Econophone's Claims are Barred**

Econophone's claims are barred by res judicata. The claims raised in this federal diversity action arise from the same transaction as the claim in the state action.[1] The origin of the

---

[1] Econophone argues that two separate contracts are at issue: the state action addressed a purchase contract, while the federal action deals with a warranty contract. (Pl. Br., at 5.) The warranty provision is included with the price quotation, but viewing the facts in the light most favorable to Econophone, as the Court must, the contracts must be considered separately. (Compl. Ex. A.) The purchase terms and the warranty terms, however, even if considered two different contracts, are parts of the "same transaction or series of transactions," the sale of equipment by Quintum to Econophone.

6

claims in both actions is the purchase of telecommunications equipment.  Both the state action and present action arise from the same "factual grouping," and Quintum and Econophone's motives to bring suit are counterparts to each other.  Quintum sought to be paid the money it was owed.  Econophone is seeking to avoid payment, and damages.  In the present action, Econophone indicates that it did not pay the balance of its payments because the equipment was malfunctioning and not operating properly.  (Id.)  Econophone, however, could have asserted the equipment failure as a defense in the state action.  Fraud and breach of warranty also would have been relevant to the defense of the state action.

    Econophone was aware that the equipment it bought from Quintum allegedly was not working properly at the time the state action was brought in September 2002. (Compl., at 2.)  Econophone received a replacement unit from Quintum in November 2001 when the original equipment did not operate correctly. (Id.)  The problems with the equipment continued after receiving the replacement, and in December 2001 Quintum sent a representative to Greece to try to resolve the problems.  (Id.)  Econophone recognizes that the equipment still was neither fixed, nor working properly when Quintum began to push for collection on January 28, 2002. (Compl., at 2.)  Quintum did not file suit to seek payment for another nine months, when the payments were at least ten months overdue, and there was a history of the equipment not working correctly.  (Def. Br., at 2.)

The state court ordered Econophone to pay the amount owed for the goods. A judgment in the present action on the issues of warranty, fraud, and unjust enrichment could adversely affect that judgment, and would affect the rights and interests established by the state court. As recognized by Yoon, the default judgment in the state action must be given preclusive effect because it has not been vacated.[2] The state action is conclusive and the present claims are now barred.

## CONCLUSION

The Court, for the reasons stated supra, will grant the motion for summary judgment by Quintum. An appropriate order and judgment will be issued.

                    s/ Mary L. Cooper
                    **MARY L. COOPER**
                    United States District Judge

---

[2] Quintum argues that both res judicata and collateral estoppel (issue preclusion) bar Econophone's claims. (Def. Br., at 5.) The Court here will not address collateral estoppel because res judicata provides a basis for summary judgment as to all of Econophone's claims.